IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                       CIVIL ACTION NO. 2:10-cv-00695

PAMELA BRICK, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff United States' unopposed Motion for Summary Judgment [Docket 56]. The United States filed its motion and a memorandum in support on September 2, 2011. None of the defendants responded to the motion, and the United States filed a reply on October 27, 2011. For the reasons set forth below, the motion is **GRANTED**.

*I. FACTUAL BACKGROUND & PROCEDURAL HISTORY*

On April 29, 2010, the United States filed a complaint to obtain judgment for unpaid tax assessments and statutory additions against Defendant John E. Lutz. The complaint also seeks to foreclose the tax liens against real property located at 1326 Mt. Vernon Place in Charleston, West Virginia, 25314. The United States named as defendants: John E. Lutz; his former wife, Pamela Brick, as a possible 50% owner of the real property; the West Virginia State Tax Department, a lien holder against Defendant Lutz; BB&T Bankcard Corporation, a lien holder against Defendant Lutz;

the Charleston Tennis Club, a possible interest holder in the property; and the Sanitary Board of Charleston, a possible interest holder in the property. (Docket 1 and 1-2.)

In June 2010, both the Charleston Tennis Club and the Sanitary Board of Charleston disclaimed any interest in the property, and they were dismissed from the case by consent order entered on August 23, 2010. (Docket 15, 16.) Defendants Brick and the West Virginia State Tax Department filed answers to the complaint on July 12 and June 30, 2010, respectively. (Docket 10, 13.) The remaining two defendants, BB&T Bankcard Corporation and John E. Lutz, failed to respond to the complaint, and the Clerk entered default against those defendants on December 13 and November 1, 2010, respectively. (Docket 33, 37.) The Court entered final default judgment against Defendant Lutz on April 20, 2011, for unpaid federal income taxes, penalties, and interest for the years 1993 through 2000 and 2002 through 2005 in the amount of $1,677,419 as of November 29, 2010, plus interest accruing after that date until paid, at the rates established by 26 U.S.C. § 6621. (Docket 52.)

Having secured final judgment against both Defendant Lutz and BB&T Bankcard Corporation, the United States now moves the Court for summary judgment against Defendants Brick and the West Virginia State Tax Department. (Docket 56.) In support of the motion, the United States argues that its liens have priority over any held by the West Virginia State Tax Department, at least as relevant to this case. (Docket 57 at 7.) In addition, the United States argues that it is entitled to foreclose against the real property even though Defendant Brick is a 50% owner. Neither of the remaining defendants responded to the motion for summary judgment.

## II. DISCUSSION

*A. Standards*

To obtain summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

The failure of a party to respond to a motion for summary judgment does not automatically entitle the moving party to judgment. *Custer v. Pan. Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993). "[T]he court, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Id.* The duty to review an unopposed motion is emphasized in the Federal Rules of Civil Procedure, which provide that "if the adverse party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." Fed. R. Civ. P. 56(e) (emphasis added). The Court need not look beyond the record, however, and it can accept as true all uncontroverted facts established by the moving party's motion. *See id.*

"The [Tax] Commissioner's determination of tax liability is presumptively correct." *United States v. Pomponio*, 635 F.2d 293, 296 (4th Cir. 1980) (citing *Psaty v. United States*, 442 F.2d 1154 (3d Cir. 1971)). To establish a prima facie case of tax liability, the United States must only "introduce[] into evidence the certified copies of the certificates of assessment." *Pomponio*, 635

F.2d at 296 (citing *Psaty*, 442 F.2d at 1154). Once the United States establishes a prima facie case, the burden shifts to Defendants to prove that the Tax Commissioner's determination was erroneous, that Defendants were not "responsible persons" under the Tax Code, or that the failure to pay the tax was not willful. *Pomponio*, 635 F.2d at 296.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. The lien attaches at the time of the tax assessment. *Id.* § 6322; *United States v. City of New Britain*, 347 U.S. 81, 85 (1954). "[F]ederal law governs the relative priority of federal tax liens and state-created liens." *Aquilino v. United States*, 363 U.S. 509, 514 n.5 (1960). It is long-settled that, in the absence of legislation to the contrary, the principle of "the first in time is the first in right" governs relative priority of competing federal and state liens. *See City of New Britain*, 347 U.S. at 85 (quoting *Rankin v. Scott*, 25 U.S. (12 Wheat.) 177, 179 (1827) ("The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds.")). It appears in this case that such principle applies to the relative priority of the competing liens.

"The statutory language [of § 6321] . . . is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719 (1985). When spouses hold property as tenants by the entirety, a tax lien may attach to one spouse's interest in the property, even where the other spouse's interest is unencumbered. *United States v. Craft*, 535 U.S. 274, 288 (2002). 26 U.S.C. § 7403 permits the district court to order the sale of a taxpayer's property to satisfy a lien. *See generally Washington v. United States*, 402 F.2d 3, 6-7 (4th Cir. 1968). It is undisputed that the statutory language of 26

U.S.C. § 7403 allows a district court to order the sale of property that is jointly owned by a tax debtor and his or her spouse.* *United States v. Rodgers*, 461 U.S. 677, 705 (1983). The Supreme Court in *Rodgers* outlined four factors for a court to consider in determining whether to exercise its discretion to order the sale of such jointly owned property, "keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." *Id.* at 711. Specifically, a court should consider: (1) "the extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes," (2) "whether the third party with a non-liable separate interest in the property would, in the normal course of events . . . , have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors," (3) "the likely prejudice to the third party, both in personal dislocation costs and in [practical undercompensation]," and (4) "the relative character and value of the non-liable and liable interests held in the property." *Id.* at 710-11.

  *B. Analysis*

  Taking the uncontested facts as set forth in the United States' motion as true, the State of West Virginia made its first assessment against Defendant Lutz on August 12, 2004, at which time

---

* The relevant language provides:

> The court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States.

26 U.S.C. § 7403(c).

the United States had already made assessments against Defendant Lutz for tax years 1993 through 2000. Employing the principle of "the first in time is the first in right," the United States' liens for tax years 1993 through 2000 are entitled to priority over any lien assessed by the West Virginia State Tax Department. The federal tax lien for 1994 alone is in excess of $1.2 million; the property at issue in this case is valued at $316,600. Because the United States undisputedly enjoys priority for its liens assessed prior to August 12, 2004, and the balance of such liens exceeds the value of the property, the Court need not decide the relative priority of the remaining federal and state liens. It also appears that the United States has priority over the lien recorded by Defendant BB&T Bankcard, which did not occur until March 19, 2007. The United States' liens for the years 1993 through 2000 therefore have first priority to Defendant Lutz's property as against the other creditors named as defendants in this suit.

In addition, the partial ownership interest in the property by Defendant Brick does not preclude foreclosure of the property. Although the Supreme Court in *United States v. Rodgers* recognized that the "practical consequences" of ordering a sale of one spouse's interest in real property may counsel against such a sale, this is not such an instance. The United States argues that Defendant Brick does not reside at the property, and that contention is not disputed in any way. Quite simply, it appears that any prejudice to Defendant Brick from the sale of the property is outweighed by the United States' "paramount interest in prompt and certain collection of delinquent taxes." *Rodgers*, 461 U.S. at 711.

### III. CONCLUSION

For the foregoing reasons, the United States' Motion for Summary Judgment [Docket 56] is **GRANTED**. It is further **ORDERED** that the real property described below be sold in accordance with the Order of Sale entered this day:

> All that certain lot or parcel of land, together with the improvements thereon and the appurtenances thereunto belonging, situated in the City of Charleston (South Annex), Kanawha County, West Virginia, being all of Lot No. Twenty-Six (26) as shown upon that certain map dated June 30, 1965, made by J. Lewis Hark, Reg. Prof. Engr., entitled "Second Section of Montclair Addition in the South Hills, City of Charleston, Loudon District, Kanawha County, West Virginia," recorded in the office of the Clerk of the County Commission of Kanawha County , West Virginia, in Map Book 21, page 129; and being all the same property which was conveyed unto the parties of the first part herein by Charles Guthrie Moyers, Jr. and Patricia Miller Moyers, his wife, by deed dated April 24, 2989, recorded in the aforesaid Clerk's Office in Deed Book 2224, at page 367, to which deed and the map aforesaid reference is here made for a more particular description of the property hereby conveyed.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 16, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE